**RAVIC, INC., Plaintiff,**

v.

**CINRAM, INC. and Cinram, Ltd., Defendants.**

**No. 95 Civ. 8167 (WCC).**

United States District Court, S.D. New York.

Dec. 15, 1995.

Hollyer Brady Smith Troxell Barrett Rockett Hines & Mone LLP, New York City (Gregor F. Gregorich, of counsel), for Plaintiff.

Epstein Becker & Green, P.C., New York City (Robert D. Goldstein, of counsel), for Defendant Cinram Inc.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Defendant Cinram Inc. ("Cinram") has moved to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. In its complaint, plaintiff Ravic, Inc. ("Ravic") asserts that this court has diversity jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332(a). Ravic is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of New York. Thus, for the purposes of diversity jurisdiction, Ravic is a citizen of both Indiana and New York. 28

U.S.C. § 1332(c)(1). Cinram is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Indiana. Thus, Cinram is a citizen of both Delaware and Indiana. *Id.* Ravic does not dispute these facts, and does not oppose Cinram's motion.

It is well settled that diversity jurisdiction does not exist where plaintiff is a citizen of a state of which any defendant is also a citizen. Because Ravic and Cinram are both citizens of Indiana, there is incomplete diversity, and this court therefore lacks subject matter jurisdiction.

See also, 829 F.Supp. 722.

### CONCLUSION

For the foregoing reason, defendant Cinram's motion to dismiss for lack of subject matter jurisdiction is granted in its entirety.

SO ORDERED.